**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**NEW HAVEN DIVISION**

| | |
|---|---|
| In re:<br><br>　　David Brian Jensen &<br>　　Patricia Mary Jensen,<br>　　　　　*Debtors* | Case No.: 26-30289 (AMN)<br>Chapter 7 |
| United Wholesale Mortgage, LLC,<br>　　　　　*Movant*<br>v.<br><br>David Brian Jensen &<br>Patricia Mary Jensen,<br>　　　　　*Respondents* | <br><br><br><br><br><br><br>Re: ECF No. 16 |

**MEMORANDUM OF DECISION REGARDING**
**DENIAL OF RELIEF FROM STAY PURSUANT TO 11 U.S.C. § 362(d)(1)**

David and Patricia Jensen (the "Debtors") commenced this case by filing a voluntary Chapter 7 petition on March 31, 2026.  Case No. 26-30289.  On May 13, 2026, creditor United Wholesale Mortgage, LLC ("United") filed a motion seeking relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1)[1] as ECF No. 16 (the "Motion").  An order denying the Motion entered on July 10, 2026.  This Memorandum of Decision explains why.

United alleges it holds a note and mortgage on real property owned by the Debtors located at 193 Hillcrest Avenue, Meriden, Connecticut (the "Property").  Attached to the Motion are purported copies of the original mortgage and note (the "Note"), an allonge to the Note endorsing it to United, and an Assignment of Mortgage to United.  *See* ECF No. 16, pp. 14-39.

---

[1] Title 11 of the United States Code is the "Bankruptcy Code."

A Relief from Stay Worksheet (the "Worksheet") is also attached to the Motion as required by this Court's Local Rule 4001-1.[2]  ECF No. 16, pp. 10-13.  The Worksheet — the only evidentiary submission supporting the Motion — appears to be executed by an employee of Cenlar, FSB ("Cenlar").  The signature block states Cenlar is a servicer for United.  The Motion provided no other affidavit, declaration, testimony or other admissible evidence pursuant to Fed.R.Civ.P. 43(c), Fed.R.Bankr.P. 9017, and Fed.R.Evid. 901 to substantiate an agency or servicing relationship or otherwise establish Cenlar's authority to make factual representations on United's behalf.  The Worksheet also indicates that the Note and related loan documents necessary to establish standing to enforce the mortgage "are in the movant's possession," though it is not immediately clear whether the "movant" referenced is United or Cenlar, and the basis for the affiant's knowledge of the Note's location is not stated.  *See* ECF No. 16, pp. 10, 13.

On June 3, 2026, the Court entered a scheduling order identifying these evidentiary deficiencies and setting a deadline for United to supplement the record with admissible evidence establishing its standing to seek relief.  ECF No. 17.  United timely responded, but the supplemental filing merely reiterated the Motion's factual assertions and again offered no additional admissible evidence supporting United's standing or demonstrating Cenlar's authority to act on its behalf.  ECF No. 20.

Relief From Stay

Standing is a threshold requirement for receiving relief from the automatic stay.  Federal courts are obligated to examine their own jurisdiction, and standing "is perhaps

---

[2] Local Rule of Bankruptcy Procedure 4001-1 states that a worksheet "shall be completed and filed with all motions seeking relief under 11 U.S.C. § 362(d) with respect to the enforcement of rights and remedies regarding real property."

the most important of [the jurisdictional] doctrines." *JNET Commc'ns, LLC v. Caldwell (In re Servicom, LLC)*, 677 B.R. 1, 8 (Bankr. D. Conn. 2025) (quoting *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990)).  Courts may grant relief from the automatic stay "[o]n request of a party in interest . . . for cause."  11 U.S.C. § 362(d)(1).  Though "party in interest" is not defined in the Bankruptcy Code, Congress intended for its scope to "apply broadly," and generally includes the debtor, Trustee, and creditors.  *In re Woldeyohannes*, 665 B.R. 543, 564 (Bankr. D. Conn. 2024) (quoting *Truck Ins. Exch. v. Kaiser Gypsum Co., Inc.*, 602 U.S. 268, 144 S. Ct. 1414, 219 L. Ed. 2d 41 (2024)); 9 COLLIER ON BANKRUPTCY ¶ 5010.02 (footnotes omitted).  To establish party-in-interest standing to enforce a mortgage, a movant must provide admissible evidence demonstrating its enforcement rights under applicable state law.  *Selig v. Druckman Law Grp. PLLC,* No. 17-CV-4510, 2018 U.S. Dist. 140807, 2018 WL 3973013, at *4 (E.D.N.Y. 2018); *see also Butner v. United States*, 440 U.S. 48, 54 (1979) (holding state law determines property rights and therefore governs standing to enforce negotiable instruments).

Connecticut law confers standing to enforce a note on its "holder," which is presumed to be the owners of the underlying debt, a non-holder in possession of the instrument with holder's rights, or a party not in possession of the note that is otherwise entitled to enforce it. *See* Conn. Gen. Stat. § 42a-3-301; *Bank of N.Y. Mellon v. Tope*, 345 Conn. 662, 286 A.3d 891, at 679-80 (2022); *J.E. Robert Co. v. Signature Props., LLC*, 309 Conn. 307, 319 (2013).  If endorsed in blank, the note is payable to the entity in possession of it, making the possessor its holder. *See* Conn. Gen. Stat. § 42a-3-205(b); *RMS Residential Properties, LLC v. Miller*, 303 Conn. 224, 231, 32 A.3d 307

(2011); *see also Booker v. U.S. Bank N.A. (In re Booker)*, No. 19-30787 (AMN), 2020 Bankr. LEXIS 249, at 5 (Bankr. D. Conn. 2020).

A mortgage servicer may establish standing to enforce a note endorsed in blank by providing evidence that it possess the original document and therefore is the holder. If the note is endorsed to a third party, such as the mortgage lender, the servicer may enforce the note on the lender's behalf by presenting admissible evidence of both the servicer's possession of the note and the holder's intent to confer enforcement authority to the servicer. *See* Conn. Gen. Stat. §§ 42a-3-203(a), (b); *Tope*, 345 Conn. at 679; *Am. Home Mortgage Servicing, Inc. v. Reilly*, 157 Conn. App. 127, 117 A.3d 500, at 130-35 (2015); *J.E. Robert Co.*, 309 Conn. at 319-20.  Alternatively, if a mortgage servicer's standing to enforce a mortgage was previously determined by a state court, the bankruptcy court cannot review the determination.

Federal Rule of Evidence 43(c), applicable here under Fed.R.Bankr.P. 9017, requires motions relying on facts outside the record to include evidentiary support for such claims.  Fed.R.Evid. 43(c); Fed.R.Bankr.P. 9017; *see also Feinberg v. Bank of N.Y. (In re Feinberg)*, 442 B.R. 215, 224 (Bankr. S.D.N.Y. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)) ("Without evidentiary support of any kind, the Court must disregard unsupported assertions.").  Admissible evidence includes affidavits or declarations made by individuals with personal knowledge and competency to testify to the matters asserted, or other category of evidence permitted under Fed.R.Civ.P. 43(c), Fed.R.Bankr.P. 9017, or Fed.R.Evid. 901.  Unsupported assertions made by counsel in motions do not constitute such evidence.  *See Kulhawik v. Holder*, 571 F.3d 296, 298 (2d Cir. 2009); *I.N.S. v. Phinpathya*, 646 U.S. 183, 188-89, n.6, 104 S. Ct. 584, 78 L. Ed. 2d 401 (1984); *see also In re AIO US, Inc*, 677 B.R. 509, 528

(Bankr. D. Del. 2025); *Edakunni v. Mayorkas*, 2022 U.S. Dist. LEXIS 207287, at 12 (W.D. Wash. 2022) (citing *Lopez v. Lynch*, 610 F. App'x 668 (9th Cir. 2015)); *Crawford v. Newport News Indus. Corp.*, No. 4:14-cr-130, 2018 U.S. Dist. LEXIS 99803, 2018 WL 4524124, at *6 (E.D. Va. 2018) ("[S]tatements of attorneys are not evidence, and that only admissible evidence can be considered by the Court in resolving [motions]").

## Discussion

United bears the burden to establish its standing to seek relief from the automatic stay under Bankruptcy Code § 362(d)(1) but the record continues to have an evidentiary gap.  The Court cannot grant the requested relief.

The Motion is supported by a single evidentiary submission: the Worksheet executed by an employee of Cenlar.  The Worksheet is signed under penalty of perjury and therefore carries evidentiary weight pursuant to 28 U.S.C. § 1746.  The affiant identifies herself as an employee of Cenlar and claims that Cenlar acts as servicer for United.  She further asserts that "the movant" holds the original Note.  ECF No. 16, p.13.  However, the record contains no evidence establishing that Cenlar—a party that has not otherwise been involved in this bankruptcy case at any prior point—in fact services the mortgage on United's behalf, nor does it contain a factual basis from which the Court could conclude that the affiant possesses personal knowledge to credibly assert that United currently holds the Note.

Although the Worksheet form is prescribed by this Court's Local Bankruptcy Rule 4001-1, here, the completion of the Worksheet by a third-party whose relationship to United is unsubstantiated requires further evidence to connect the affiant's statements to United's right to enforce the Note.

The generic business-records language on page 13 of ECF No. 16 seems to be intended to address the business records exception to hearsay pursuant to Fed.R.Evid. 803(6), and does not establish that the affiant has personal knowledge of how the Movant keeps its records or the Note's location.  The Court is therefore left with conclusory assertions unsupported by an adequate evidentiary foundation.

This is analogous to a "Mr. Smith" seeking relief from stay supported solely by an affidavit from "Mr. Jones" declaring that Mr. Smith holds a note from a third party,, without any explanation as to who Mr. Jones is, why he would have knowledge of this, or what records or other evidence his assertion is based upon.  The fact that Mr. Jones signed the affidavit under penalty of perjury claiming to be Mr. Smith's servicer in the signature block would not, on its own, establish his competency to testify to these facts.

The Court recognizes these Worksheets are filed routinely in cases throughout this District.  However, when an employee of an entity other than the movant—such as a loan servicer rather than the holder itself—signs the Worksheet, the record must contain competent evidence explaining the connection between the affiant and the movant.  A mere statement in a signature block that the signer is an employee of another entity "as servicer for" a movant is inadequate, as are unsupported representations by counsel in motions.  This does not mean the Court requires (not wants) voluminous files or documents to support the details of mortgage-backed securities transactions.  Sufficient evidence might include, for example, an affidavit, declaration, or concise addendum to the Worksheet identifying the affiant's employer and role, the relationship to the movant, the basis of the affiant's personal knowledge of the movant's and holder's records.  Basically, the Court requires facts sufficient to

conclude that a movant is entitled to enforce a note, which is the basis for standing in the foreclosure context.

Because there remains an evidentiary gap, the Court cannot conclude on the present record that United has standing to seek relief pursuant to Bankruptcy Code § 362(d)(1).  This is not a conclusion that either United or Cenlar lack the right to enforce the Note.  Rather, the Court concludes only that the Worksheet does not present adequate evidence to establish United's standing.

The Court understands United may seek reconsideration of this decision and would consider any further supplement to the record in that event.  However, the Court notes the Debtor received a discharge in this case on July 8, 2026, and absent further litigation the case is poised to close.  *See* ECF No. 21.

For these reasons, the Court denied the Motion for Relief from Stay filed as ECF No. 16.

Dated this 15th day of July, 2026, at New Haven, Connecticut.

Ann M. Nevins
Chief United States Bankruptcy Judge
District of Connecticut